UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Craig Jevon Morrison,   #15965-058,<br><br>                          Petitioner,<br><br>vs.<br><br>Warden of FCI-Williamsburg;<br>United States of America,<br><br>                          Respondents.<br>_____ | ) C/A No. 4:06-1294-JFA-TER<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>) |

Petitioner, Craig Morrison, is a federal inmate currently incarcerated at FCI-Williamsburg in Salters, South Carolina. He seeks relief under Title 28 United States Code Section 2241. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such pro se cases and submit findings and recommendations to the District Court.

## **PRO SE PETITION**

As a pro se petitioner, Morrison is entitled to have his pleadings accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S.97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. Even under this less stringent standard, however, a pro se petition is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which a petitioner could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not construct a petitioner's legal arguments for him. Small v. Endicott, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions

never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).

## DISCUSSION

On November 20, 2000, Morrison was convicted of a firearms charge in North Carolina and sentenced to ninety months followed by four years of supervised release. Currently, he is incarcerated at Williamsburg-FCI. In his petition, Morrison alleges the sentencing judge did not have jurisdiction to sentence him to a period of supervised release at the end of his imprisonment. He contends his four years of supervised release should be part of his ninety month sentence and thus he should be released from prison now to serve the supervised release period.

This case should be dismissed. Morrison's claims are cognizable under 28 U.S.C. § 2255, not 28 U.S.C. § 2241. In general, individuals "convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255" in the sentencing court. In re Vial, 115 F.3d 1192, 1194 (4th Cir.1997). A petitioner may challenge his sentence under § 2241 only if § 2255 is inadequate or ineffective to test the legality of his sentence. 28 U.S.C. § 2255; In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). It appears Morrison has not filed a § 2255 petition and, more importantly, he has not made any allegations that § 2255 is inadequate or ineffective as discussed in Jones. Therefore, he is not entitled to proceed under § 2241.

## RECOMMENDATION

Accordingly, it is recommended that the section 2241 petition in the above-captioned

case be dismissed *without prejudice* and without issuance and service of process.  Denton, 504 U.S. 25; Neitzke, 490 U.S. 319; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  The petitioner's attention is directed to the notice on the following page.

                Respectfully Submitted,

                s/Thomas E. Rogers, III
                Thomas E. Rogers, III
                United States Magistrate Judge

June   23, 2006
Florence, South Carolina

**<u>Notice of Right to File Objections to Magistrate Judge's Report and Recommendation</u>**
**<u>&</u>**
**<u>The *Serious Consequences* of a Failure to Do So</u>**

   The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See <u>Mathews v. Weber</u>, 423 U.S. 261, 270-271 (1976); and <u>Estrada v. Witkowski</u>, 816 F. Supp. 408, 410 (D.S.C. 1993).

   During the period for filing objections, <u>but not thereafter</u>, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  See <u>Keeler v. Pea</u>, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and <u>Oliverson v. West Valley City</u>, 875 F. Supp. 1465, 1467 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See <u>United States v. Schronce</u>, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, <u>Schronce v. United States</u>, 467 U.S. 1208 (1984); and <u>Wright v. Collins</u>, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  <u>Howard v. Secretary of HHS</u>, 932 F.2d 505, 508-509 (6th Cir. 1991).  *See also* <u>Praylow v. Martin</u>, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In <u>Howard</u>, <u>supra</u>, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  \*\*\*  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  \*\*\*  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* <u>Lockert v. Faulkner</u>, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held

that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  \* \* \*  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046  (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P.O. Box 2317**
**Florence, South Carolina 29503**

5